UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bobbie Hudgins,<br>*individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Radius Global Solutions, LLC,<br><br>Defendant. | Case No. 23-cv-3025 (ECT/TNL)<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Bobbie Hudgins's Motion for Limited Jurisdictional Discovery and to Extend the Deadline to Amend Her Complaint, ECF No. 8, and her Amended Class Action Complaint, ECF No. 11.[1]

## I. BACKGROUND

Plaintiff filed this putative class action, asserting jurisdiction under 28 U.S.C. § 1332(d)(2)(A), which provides that a federal court shall have original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000" and "*any member* of a class of plaintiffs is a citizen of a State different from *any defendant*." (Emphasis added); *see* Compl. ¶ 10, ECF No. 1.  Plaintiff is a citizen of Florida.  Compl. ¶ 14.  As initially alleged, Radius Global is a "limited liability corporation," whose principal place of business is in Minnesota.  Compl. ¶ 15.

---

[1] Defendant Radius Global Solutions, LLC ("Radius Global") has not yet appeared in this action.  Further, as no hearing date was obtained or hearing requested, the Court has determined this matter on the papers.  *Cf.* D. Minn. LR 7.1(b).

For diversity purposes, the citizenship of a limited liability company is based on the citizenship of its members. *See, e.g.*, *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023). Accordingly, Radius Global "is a citizen of any state where its members are citizens." *Id.*

The magistrate judge previously assigned to this matter issued an Order directing Plaintiff to file an Amended Complaint.[2] *See generally* ECF No. 5. The Order noted that the initial Class Action Complaint "lack[ed] information about the citizenship of the members of [Radius Global] to confirm that at least one class member is a citizen of a state different than [Radius Global]." ECF No. 5 at 2. Plaintiff was ordered to "file an Amended Complaint curing the jurisdictional deficiency by adequately pleading the jurisdictional facts with respect to [Radius Global's] citizenship." ECF No. 5 at 2.

Plaintiff subsequently filed the instant motion, seeking limited discovery for purposes of determining "(1) the citizenship of the members and any sub-members of Radius [Global]; and (2) the states to which Radius [Global] sent notices to individuals of the [subject] data breach." ECF No. 8 at 4. Plaintiff's motion detailed her investigation to date into "Radius [Global's] members and their citizenship." ECF No. 8 at 2; *see* ECF No. 8 at 2-3. Plaintiff also sought additional time to file her amended complaint.

---

[2] This matter was subsequently transferred to the undersigned as related to other matters brought against Radius Global. ECF No. 7. *See, e.g.*, *Butts v. Radius Global Solutions, LLC*, No. 23-cv-2663 (ECT/TNL); *Madden v. Radius Global Solutions LLC*, No. 23-cv-2670 (ECT/TNL); *French v. Radius Global Solutions LLC*, No. 23-cv-2992 (ECT/TNL); *Smith v. Radius Global Solutions*, LLC, No. 23-cv-3182 (ECT/TNL).

A few days later, Plaintiff filed the Amended Class Action Complaint. *See generally* ECF No. 11. In the Amended Class Action Complaint, Plaintiff alleges, among other things:

> Defendant Radius Global Solutions, LLC, is a Minnesota limited liability company organized under the laws of the State of Minnesota, with a principal place of business located at 7831 Glenroy Rd., Suite 250, Minneapolis, MN 55439. Defendant Radius Global, LLC is a wholly owned subsidiary of NGI Acquisitions, LLC. NGI Acquisitions, LLC is a wholly owned subsidiary of NGI Investments, LLC. NGI Investments, LLC has reported in court filings that it has 475 members, and on information belief, at least some have citizenship in Massachusetts, New York, Georgia, Florida, and Minnesota. As a result, on information and belief, Defendant is a citizen of the state of Minnesota. *Full* and complete information and LLC membership information, including the names, locations, and citizenship of each LLC member, is exclusively in the possession of Defendant Radius.

ECF No. 11 ¶ 15.

## II. ANALYSIS

Litigants generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). When a party moves for early discovery, courts within this District generally apply a "good cause" standard. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1891 (PJS/DJF) *et al.*, 2023 WL 4864279, at *3 (D. Minn. July 31, 2023); *Minnetonka Moccasin Co., Inc. v. Does*, No. 22-cv-87 (PJS/TNL), 2022 WL 1055746, at *2 (D. Minn. Apr. 8, 2022); *Council on Am.-Islamic Rels.—Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020); *Morbitzer v. Doe*, No. 21-cv-2038 (PJS/HB), 2021 WL 4273019, at *2 (D. Minn. Sept. 21, 2021). The party seeking early discovery must show "good cause—i.e., that the need for

3

expedited discovery outweighs the prejudice to the responding party." *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021) (quotation omitted); *see also Council on Am.-Islamic Rels.-Minnesota*, 497 F. Supp. 3d at 380 ("Under the good cause standard, the party seeking expedited discovery must show that the need for expediting, in consideration of administration of justice, outweighs prejudice to the responding party." (quotation omitted)). This Court has broad discretion in handling pretrial procedure and discovery. *See, e.g., Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) ("A district court has very wide discretion in handling pretrial discovery . . . ." (quoting *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("Further, magistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

Plaintiff's motion is respectfully denied without prejudice as to the request for early jurisdictional discovery and denied as moot with respect to the request for additional time to file an amended complaint. At this stage of the proceedings, the Court is satisfied that the Amended Class Action Complaint has adequately addressed the jurisdictional deficiency identified in the prior Order for purposes of alleging the minimal diversity required under § 1332(d)(2)(A). *See Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir.

2023) ("[M]inimal diversity is enough: at least one plaintiff and defendant must be citizens of different states."). Accordingly, the Court concludes that there is no good cause for expedited discovery at this time.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Limited Jurisdictional Discovery and to Extend the Deadline to Amend Her Complaint, ECF No. 8, is **DENIED**.  Such denial is without prejudice as to the request for early jurisdictional discovery and as moot with respect to the request for additional time to file an amended complaint.

Date: November  6 , 2023

                                          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota


*Hudgins v. Radius Global Solutions, LLC*
Case No. 23-cv-3025 (ECT/TNL)

5